Filed 5/19/21  P. v. Seymour CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>AARON DEON SEYMOUR,<br><br>　　　Defendant and Appellant. | B309183<br>(Los Angeles County<br>Super. Ct. No. BA447184) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jose I. Sandoval, Judge.  Affirmed.

Aaron Deon Seymour, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to a negotiated plea, Aaron Deon Seymour pleaded no contest to two counts of robbery in violation of Penal Code[1] section 211.  We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2016, an amended felony complaint charged Seymour with 10 counts of robbery.  (§ 211.)  In six of them, it was alleged that he used a firearm in committing the offenses.  (§ 12022.53, sub. (b).)  It was also alleged that Seymour had a prior serious felony conviction under the "Three Strikes" law (§§ 667, 667.5, subd. (b), 1170.12) for a 2006 conviction for manslaughter.  The appellate record does not contain any other information regarding the underlying facts supporting the allegations.

Initially, Seymour pleaded not guilty to all charges.  Before the preliminary hearing, on May 15, 2017, the court declared Seymour incompetent and suspended criminal proceedings pursuant to section 1368.  On October 18, 2018, Seymour was restored to competency and the court reinstituted criminal proceedings.

When proceedings resumed, pursuant to a negotiated disposition, Seymour waived his preliminary hearing and trial rights, pleaded no contest to two counts of robbery, and admitted the prior strike.  The court sentenced Seymour to 17 years in state prison.  The sentence consisted of a five-year term for the first count, doubled to 10 years because of the strike, a consecutive one-year sentence for the second count, doubled to

---

[1] All further undesignated statutory references are to the Penal Code.

2

two years because of the strike, plus a five-year enhancement for the prior serious felony conviction.  The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (§ 1202.45), a $40 court operations assessment per count (§ 1465.8), and a $30 criminal conviction assessment per count (Gov. Code, § 70373).

Seymour appealed.  He did not obtain a certificate of probable cause pursuant to section 1237.5.

## DISCUSSION

Seymour's court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  By letter, we advised Seymour that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.  Seymour filed a supplemental brief and moved to augment the record.

In his supplemental brief, Seymour indicated that portions of the reporter's transcript were missing, specifically, the record omitted a July 25, 2017 hearing and all proceedings between December 9, 2019 to September 16, 2020.[2]  Seymour moved to augment the record with these missing portions of the reporter's transcript.  In making such a motion, " '[all] that is required of [the moving party] is that he signify with some certainty how materials not included in the normal transcript may be useful to him on appeal.' " (*People v. Gaston* (1978) 20 Cal.3d 476, 482.)

---

[2] While the reporter's transcript omitted these dates, the clerk's transcript contained the corresponding minute orders.

"The showing of 'some certainty' must be made as to the *manner* in which the materials may be useful, not as to the contents of the materials themselves." (*Ibid*.) Seymour has not shown how the materials he requested are useful to the instant appeal. Therefore, the motion is denied.

The supplemental brief also indicates that Seymour's counsel made an appearance on March 5, 2020 without Seymour's authorization pursuant to section 977 and that he requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 on an unspecified date. Neither assertion is reflected in the clerk's transcript and Seymour has not shown how they are relevant to his appeal from a negotiated plea.

Turning to whether there are any arguable issues on appeal, our review of the record shows there are none. Because Seymour appeals from a plea of no contest, and he did not obtain a certificate of probable cause pursuant to section 1237.5, his appeal is limited to the denial of a motion to suppress evidence or to grounds arising after the entry of the plea that do not affect the plea's validity. (*People v. Johnson* (2009) 47 Cal.4th 668, 676–677 & fn. 3; *People v. French* (2008) 43 Cal.4th 36, 43.) With respect to sentencing or postplea issues that do not in substance challenge the validity of the plea itself, we have examined the record, and are satisfied no arguable issues exist and Seymour's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


KALRA, J.*

We concur:


EDMON, P. J.


LAVIN, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.